FILED

2022 Jun-28  PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VICTORIA WEATHERSPOON, as Personal Representative of the Estate of DAVID DAREIL WEATHERSPOON, deceased | |
| Plaintiff, | |
| v. | Case No. _____ |
| SE INDEPENDENT DELIVERY SERVICES, INC. and JOSUE LASSIN | |
| Defendants. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants SE Independent Delivery Services, Inc. and Josue Lassin, appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby removes to this Court the state-court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

## I.  TABLE OF CONTENTS

I.      Table of Contents……………………………………...…………………….. 1

II.     Statement of Jurisdiction……………………………...……………….  2

III.    Statement of Facts……………………………………………….………... 3

IV.     Claims Asserted……………………………………………………… 4

V.      Basis of Jurisdiction……………………………………………….....  7

        A.      Diversity Jurisdiction……………………………………………... 7

        B.      Amount in Controversy……………………………………….... 8

                1.      Preponderance of Evidence Standard…………………… 8

1

**2.    Amount in Controversy Satisfied…………………….......12**

**VI.    Procedural Notice……………………………………………………. 13**

## II.  STATEMENT OF JURISDICTION

1.      This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court by these Defendants in accordance with the provisions of 28 U.S.C. § 1441 *et seq*. in that it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the properly joined and served defendants, SE Independent Delivery Services, Inc. and Josue Lassin, are of completely diverse citizenship to the plaintiffs.

2.      Removal of this action is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the District and division within which the removed state-court action was pending.  Because the Complaint was filed in the Circuit Court of St. Clair County, Alabama, this District is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

3.      As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

Exhibit 1:     Index of matters being filed;

Exhibit 2:     Pleadings asserting causes of action filed in the state-court action;

Exhibit 3:     Copies of all process, pleadings and orders served in the case;

Exhibit 4:     The docket sheet of the state-court action;

Exhibit 5:     Affidavit of SE Independent Delivery Services, Inc.

Exhibit 6:     Affidavit of Josue Lassin.

4.      This notice of removal is filed pursuant to 28 U.S.C. § 1446(b)(1), as Defendants remove this matter within 30 days of the receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

### III.  STATEMENT OF FACTS

5.      Plaintiff Victoria Weatherspoon ("Plaintiff"), as Personal Representative of the Estate of David Dareil Weatherspoon ("Decedent"), initiated this action on June 7, 2022, in the Circuit Court of St. Clair County, Alabama.

6.      Plaintiff is a resident citizen of Alabama and Decedent was a resident citizen of Alabama at the time of the loss made the basis of the Complaint. (Exhibit 2, Complaint at ¶1-2).

7.      Defendant SE Independent Delivery Services, Inc., ("SEIDS") is a foreign corporation domiciled in Florida with its principal place of business in Hillsborough County, Florida. (Exhibit 5, Affidavit of SE Independent Delivery Services, Inc.).

8.      Defendant Josue Lassin is a resident citizen of Georgia. (Exhibit 6, Affidavit of Josue Lassin).

9.      The underlying event that serves as the basis of this lawsuit concerns a motor vehicle accident that took place on May 3, 2022. (Exhibit 2, Complaint at ¶8). Plaintiff contends that Decedent sustained fatal injuries as a result of this motor vehicle accident. (Exhibit 2, Complaint at ¶ 10). Specifically, Plaintiff contends that Defendant Lassin, while acting within the line and scope of his employment with Defendant SEIDS, operated a tractor-trailer truck in a manner that proximately resulted in Decedent sustaining fatal injuries. (Exhibit 2, Complaint, ¶8-10). Plaintiff seeks unspecified punitive damages for the wrongful death of Decedent. (Exhibit 2, Complaint, ad damnum portion following each count).

## IV.  CLAIMS ASSERTED

10.     The Complaint filed by Plaintiff as Personal Representative of Decedent sets forth the following three separate counts against Defendant Lassin:

- Count I- Negligence

- Count II- Wantonness

- Count VII- Combined and Concurrent Negligence

(Exhibit 2, Complaint).

11.     The Complaint filed by Plaintiff as Personal Representative of Decedent sets forth the following five separate counts against Defendant SEIDS:

- Count III- Negligence Pursuant to Respondeat Superior and/or the Law of Agency

- Count III[1]- Negligence Pursuant to Respondeat Superior and/or the Law of Agency

- Count V- Negligent Hiring/Supervision/Training/Retention

- Count VI- Negligent Entrustment

- Count VII- Combined and Concurrent Negligence

(Exhibit 2, Complaint).

12.     With respect to the negligence claim, Plaintiff contends that Defendant Lassin negligently inspected, maintained and operated a tractor-trailer truck, which caused a collision with the vehicle operated by Decedent, and Defendant Lassin's negligent conduct proximately resulted in Decedent's death. (Exhibit 2, Complaint, ¶¶12, 17). Plaintiff contends that Defendant Lassin was operating the tractor-trailer truck within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or Department of

---

[1] Based on the allegations in this portion of Plaintiff's complaint, Defendants surmise that the second "Count Three" is intended to be Count Four

Transportation authority of Defendant SEIDS at the time of the subject accident. (Exhibit 2, Complaint at ¶ 15). Plaintiff contends that Defendant Lassin negligently breached his duty to operate the tractor-trailer truck in a safe and reasonable manner on a public roadway, and violated state and federal safety statutes and regulations, which caused the tractor-trailer truck that Defendant Lassin was driving to strike Decedent's vehicle causing fatal injuries to Decedent. (Exhibit 2, Complaint ¶13-16).

13.     With respect to the wantonness claim, Plaintiff contends that Defendant Lassin wantonly and/or recklessly inspected, maintained and operated a tractor-trailer truck, which caused a collision with the vehicle operated by Decedent, and Defendant Lassin's wanton and/or reckless conduct proximately resulted in Decedent's death. (Exhibit 2, Complaint, ¶¶ 20, 25). Plaintiff contends that Defendant Lassin was operating the tractor-trailer truck within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or Department of Transportation authority of Defendant SEIDS at the time of the subject accident. (Exhibit 2, Complaint at ¶ 23). Plaintiff contends that Defendant Lassin wantonly and/or recklessly breached his duty to operate the tractor-trailer truck in a safe and reasonable manner on a public roadway and violated state and federal safety statutes and regulations through wanton and/or reckless indifference for the safety of others, which caused the tractor-trailer truck that Defendant Lassin was driving to strike Decedent's vehicle causing fatal injuries to Decedent. (Exhibit 2, Complaint, ¶ 21-24).

14.     With respect to the negligence pursuant to respondeat superior and/or the law of agency claim, Plaintiff alleges that Defendant Lassin engaged in the following acts and Defendant SEIDS is liable for the following:

- Negligently operated a tractor-trailer truck, thereby causing a collision with Decedent's vehicle;

- Negligently breached his duty to Decedent and to the public to operate the tractor-trailer truck in a safe condition and inspect and maintain the tractor-trailer truck in a safe condition;

- Violated state and federal safety statutes and regulations;

- Proximately caused the death of Decedent; and

- Engaged in all the above behavior while in the line and scope of his employment with Defendant SEIDS and/or while acting as an agent for Defendant SEIDS.

(Exhibit 2, Complaint ¶ 28-35).

15.     With respect to the negligence pursuant to respondeat superior and/or the law of agency claim[2], Plaintiff alleges that Defendant Lassin engaged in the following acts and Defendant SEIDS is liable for the following acts:

- Wantonly and/or recklessly operated a tractor-trailer truck, thereby causing a collision with Decedent's vehicle;

- Wantonly and/or recklessly breached his duty to Decedent and to the public to operate the tractor-trailer truck in a safe condition and inspect and maintain the tractor-trailer truck in a safe condition;

- Violated state and federal safety statutes and regulations through wanton and/or reckless indifference for the safety and rights of others, including Decedent;

- Proximately caused the death of Decedent; and

- Engaged in all the above behavior while in the line and scope of his employment with Defendant SEIDS and/or while acting as an agent for Defendant SEIDS.

(Exhibit 2, Complaint, ¶ 38-44).

---

[2] Based on the allegations in this portion of Plaintiff's complaint, Defendants surmise that the second "Count Three" is intended to be Count Four and alleges Wantonness Pursuant to Respondeat Superior and/or the Law of Agency against Defendant SEIDS.

16.     With respect to the negligent hiring/supervision/training/retention claim, Plaintiff contends that Defendant SEIDS negligently and/or wantonly failed to properly hire, supervise, train, and/or to retain or terminate Defendant Lassin and this negligent and/or wanton failure proximately caused Decedent's fatal injuries and death. (Exhibit 2, Complaint at ¶ 50).

17.     With respect to the negligent entrustment claim, Plaintiff contends that SEIDS owned, leased or otherwise controlled the tractor-trailer truck operated by Defendant Lassin at the time of the motor vehicle accident and negligently entrusted said vehicle to Defendant Lassin. Plaintiff alleges that as a result of SEIDS' negligent entrustment, Defendant Lassin was involved in a motor vehicle accident that proximately caused Decedent's death. (Exhibit 2, Complaint, ¶56-57).

18.     With respect to the combined and concurrent conduct claim, Plaintiff contends that the conduct of "all Defendants as described more particularly above combined and concurred to cause the death" of Decedent. (Exhibit 2, Complaint at ¶ 60).

19.     In the ad damnum portion of each count, Plaintiff seeks unspecified punitive damages for the wrongful death of Descendant as well as other relief as allowed by law, including costs of the action. (Exhibit 2, Complaint).

## V.  BASIS OF JURISDICTION

20.     As noted above, this Court has jurisdiction over this matter pursuant to §1332, as the properly named parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A.   Diversity Jurisdiction

21.      "A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state."

*Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

22.     As noted above, Plaintiff is a resident citizen of Alabama and Decedent was a resident citizen of Alabama at the time of the subject motor vehicle accident.

23.     SEIDS is a foreign corporation with its principal place of business in Hillsborough County, Florida.

24.     Defendant Lassin is a resident citizen of Georgia.

25.     There is, therefore, complete diversity.

## B.   Amount in Controversy

26.     Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.

27.     This matter is removed to this Court pursuant to § 1446(b)(1).

### 1.  Preponderance of Evidence Standard

28.     Additionally, because this matter is removed to this Court pursuant to § 1332(a), the amount in controversy requirement is analyzed pursuant to § 1446(c)(2), which provides as follows:

> (2)     If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446.

29.     The preponderance of the evidence standard is appropriate in the matter at hand because Plaintiffs do not state a specific amount of damages sought in this action.  *Butler v. Charter Commc'ns, Inc*., 755 F. Supp. 2d 1192, 1194 (M.D. Ala. 2010) ("To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, however, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00").

30.     In asserting that the amount in controversy exceeds $75,000, a removing defendant may either establish that the amount in controversy is "facially apparent" from the pleadings, or the defendant may present evidence establishing that the amount in controversy requirement is met:

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1357 (11th Cir.1996*), abrogated on other grounds by Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir.2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id*. at 754 (quoting *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir.2001)).

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (footnote omitted).[3]

31.     The Eleventh Circuit has made clear that, although the burden is placed upon the defendant to establish the amount in controversy, a defendant need not establish the jurisdictional threshold to an absolute certainty.   Further, in assessing whether a defendant has presented sufficient evidence that the amount in controversy exceeds $75,000, the Court does not engage in impermissible speculation by employing its own common sense experiences in evaluating the claims and associated damages and determining whether the amount in controversy requirement is met.

> But *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible, as some district courts have thought. That was not the question in *Lowery*. Instead, the question was how to apply the preponderance of the evidence standard in the "fact-free context" of that particular case. The answer we gave is that without facts or specific allegations, the amount in controversy could be "divined [only] by looking at the stars"—only through speculation—and that is impermissible.
>
> A different question is presented, however, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing.
>
> The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.  The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life. As Justice Holmes observed, "all life is an experiment. Every year if not every day we have to wager our salvation upon some prophecy based upon imperfect knowledge."

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (citations omitted).

32.     The Eleventh Circuit explained why the use of common sense and judicial experience concerning claims asserted is necessary, and not just beneficial, particularly with

---

[3] As noted above, pursuant to §1446, which was amended in 2011, and which became effective in 2012, the preponderance of the evidence standard is appropriate even where the complaint demands $75,000 or less.  *Roe* was decided before §1446 was amended.

respect to the more nebulous and indefinite damages that may be awarded in connection with

punitive damage claims and claims wherein mental anguish or emotional distress is sought.

> Sometimes, when a plaintiff's allegations are viewed in light of the award factors [set forth in the wrongful death jury charges], it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. *Pretka*, 608 F.3d at 766.

> For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify any approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id.* Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." *See id.* Indeed, if courts were to rely solely on a plaintiff's damage statements, as [the plaintiff] suggests, it is difficult to imagine a punitive damages suit that could be removed against a plaintiff's wishes.  Both policy and precedent counsel against rewarding such obfuscating tactics.

> Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled.

*Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1064 (11th Cir. 2010).

33.     Similarly, in *Pretka*, the Court addressed the plaintiffs' contention that any factual

basis concerning the plaintiffs' claim for unliquidated damages must be supplied by the plaintiffs

in accordance with the "receipt from the plaintiff rule."  In rejecting this argument, and holding

that evidence submitted by a defendant as to the amount in controversy was to be considered, the

Court noted that such a rule as the one put forth by the plaintiffs would "undermine the purpose of

the removal process."

> The interpretation of *McNutt* in the *Lowery* dicta would also undermine the purpose of the removal process, which "was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir.2005). "Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Id.* (quotation marks and citation omitted). While we construe removal statutes narrowly, we do not rewrite them to add restrictions that cannot be found in their language and that would run counter to their

purposes. *See Tenn. Valley Auth. v. Whitman*, 336 F.3d 1236, 1255 (11th Cir.2003) ("[N]o canon of statutory interpretation can trump the unambiguous language of a statute."). As the Supreme Court long ago admonished, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 188, 51 L.Ed. 430 (1907); see also Legg, 428 F.3d at 1325.

The *Lowery* opinion's dicta would provide plaintiffs with a trick by which they could make federal jurisdiction disappear. A diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim. That would subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not do.

*Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 766 (11th Cir. 2010)(citations omitted).

34.     Implicit in the Eleventh Circuit's rationale in *Roe* and *Pretka* is that in instances where a plaintiff files a bare bones complaint, devoid of any facts or allegations that would shed any light upon the damages sought or the actual amount in controversy, evidence submitted by a defendant as to the amount in controversy, as well as the judicial experience and common sense of the district court, become all the more important, as these are the only two aspects from which the amount in controversy can be ascertained.  Every action seeking monetary damages has a value, and if a plaintiff elects to withhold any evidence that he or she has concerning that value, the value advanced by a defendant becomes even more compelling, particularly in light of the policy considerations set forth above, and particularly in light of the fact that the plaintiff has not presented any evidence to rebut the evidence presented by the defendant.

## 2.  Amount in Controversy Satisfied

35.     Plaintiff seeks an unspecified amount of punitive damages as a result of Defendants' alleged negligent and wanton conduct. As previously discussed, in certain cases, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the

jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

36.     In the matter at hand, it is facially apparent from the complaint, wherein Plaintiff alleges that Defendants' negligent and wanton actions proximately caused Decedent's death, that the amount in controversy exceeds the jurisdictional requirements. In evaluating whether the amount in controversy requirement is facially apparent from Plaintiff's complaint, the Court is permitted to employ its own common sense experiences. *Roe*, 613 F.3d, at 1064 (11th Cir. 2010). Furthermore, this common sense approach is especially useful in cases alleging wrongful death, in which no compensatory damages may be recovered. *Id*. at 1063-64.

37.     Plaintiff's contention that Defendants' actions resulted in the death of a human being plainly demonstrate that the amount in controversy in this lawsuit exceeds $75,000.00. *See Nelson v. Whirlpool Corp., et al.*, 668 F.Supp.2d 1368, 1375-76 (Where a complaint alleged defendants wantonly took human life, the Court held that it was facially apparent that the amount in controversy requirement was met. The Court reasoned that, given Alabama law views every human life as precious and requires juries to consider the finality of its premature destruction in assessing damages, it would defy common sense to insist that a suit for wantonly killing a human being does not place more than $75,000 in controversy). Based upon this evidence and the Court's ability to apply its own judicial knowledge and experience concerning the amount at issue with respect to the claims asserted, the amount in controversy requirement is met.

## VI.  PROCEDURAL NOTICE

38.     The removal of this action is timely because this matter has been removed within 30 days of it being properly removable, pursuant to § 1446(b)(3).

39.     A copy of all process, pleadings and other papers served on or received by Defendants are attached to this Notice of Removal.

40.     The Circuit Court for St. Clair County will be timely notified of this Removal.

41.     No previous application has been made for the relief requested herein.

42.     If any question arises regarding the propriety of the removal of this action, Defendants respectfully requests this Court the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

43.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendants SE Independent Delivery Services, Inc., and Josue Lassin hereby Remove this Matter to this Court.

*/s/ W. Evans Brittain*
W. Evans Brittain (ASB-5286-L68B)
Sydney K. Brasfield (ASB-5008-N40J)
*Attorneys for Defendants*
Southeast Independent Delivery Services
and Josue Lassin

OF COUNSEL:
Ball, Ball, Matthews & Novak
P.O. Box 2148
Montgomery, Alabama 36102
(334) 387-7680
ebrittain@ball-ball.com
sbrasfield@ball-ball.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 28th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court, using the ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the ECF system were served by U.S. mail:

F. Tucker Burge
F. Tucker Burge, Jr.
Burge & Burge, PC
2001 Park Pl Ste 1350
Birmingham, AL 35203
(205) 251-9000
ftb@burge-law.com

Kayarda Lowe
Carta Lowe
Post Office Box 681
Selma, Alabama 36702
esq2010@gmail.com


*/s/ W. Evans Brittain*
OF COUNSEL