FILED
2022 Jun-28 PM 02:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

DOCUMENT 2
Case 4:22-cv-00797-CLM   Document 1-2   Filed 06/28/22   Page 2 of 14
ELECTRONICALLY FILED
6/7/2022 4:23 PM
75-CV-2022-900115.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

# IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

**\*\*Jury Trial Requested\*\***

Case No.: _____

**VICTORIA WEATHERSPOON**, as Personal Representative of the Estate of **DAVID DAREIL WEATHERSPOON**, deceased

      Plaintiff

v.

**SE INDEPENDENT DELIVERY SERVICES, INC. and JOSUE LASSIN**

**A**, whether singular or plural, that entity who or which owned, leased, operated or otherwise controlled the tractor-trailer truck involved in the wreck made the basis of this suit and whose negligence, wantonness or other actionable conduct contributed to cause Mr. Weatherspoon's death;

**B**, whether singular or plural, that entity who or which employed Josue Lassin at the time and place of the wreck made the basis of this suit and who are vicariously responsible for his negligence, wantonness or other actionable conduct by virtue of *respondeat superior* of principles of agency;

**C**, whether singular or plural, that entity who or which had any role in the hiring, training, supervision, or retention of Josue Lassin to inspect, maintain and/or operate the tractor-trailer truck involved in the wreck made the basis of this suit and whose negligence, wantonness or other actionable conduct contributed to cause Mr. Weatherspoon's death;

**D**, whether singular or plural, that entity or those entities who or which altered or repaired the tractor-trailer truck or components thereof prior to the wreck made the basis of this suit which may have contributed to the proximate cause of the wreck and the death of Mr. Weatherspoon;

**E**, whether singular or plural, that person, firm, corporation or entity who or which conducted safety inspections or analyses with respect to the tractor-trailer truck or components thereof prior to the wreck made the basis of this suit and whose negligence, wantonness or other actionable conduct contributed to cause Mr. Weatherspoon's death;

**F**, whether singular or plural, that entity or entities, that individual or individuals, other than those described above, whose negligence, wantonness, intentional conduct, wilfulness, breach of contract, or other wrongful conduct contributed to cause of the wreck made the basis of this suit and Mr. Weatherspoon's death;

**G,** whether singular or plural, that entity or entities which are the successors-in-interest to any entity described above,

   Defendants.

## COMPLAINT

Victoria Weatherspoon, as Personal Representative of the Estate of David Dareil Weatherspoon, deceased, alleges against the Defendants as follows:

## PARTIES AND JURISDICTION

1. The Decedent, DAVID DAREIL WEATHERSPOON, was an adult male resident citizen of Alabama, at the time of his death on May 3, 2022. He was 40 years old.

2. Plaintiff, VICTORIA WEATHERSPOON, is an adult resident of Tuscaloosa County, Alabama and is the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, her deceased husband, pursuant to Letters of Administration issued by the Probate Court of Tuscaloosa County on June 1, 2022. She brings this action pursuant to the Alabama Wrongful Death Statutes to recover damages for the wrongful death of David Dareil Weatherspoon.

3. Defendant SE INDEPENDENT DELIVERY SERVICES, INC., is a foreign corporation registered to do business in the State of Alabama. SE INDEPENDENT DELIVERY SERVICES, INC., is engaged in the freight shipping trucking business, and it owned, leased, operated and/or otherwise controlled the tractor-trailer unit involved in the wreck and wrongful death described herein, which occurred in St. Clair County in the State of Alabama on May 3, 2022.

4. Defendant, JOSUE LASSIN, is an adult resident citizen of the State of Georgia.

2

At all times referred to herein, Josue Lassin was operating a tractor-trailer and acting within the line and scope of his employment and/or duties with Defendant SE Independent Delivery Services, Inc.

5. The Defendants described fictitiously in the caption "A" through "G," are those individuals or entities whose legal names are unknown to Plaintiff at this time, or if the names are known to Plaintiff, their identities as proper defendants are not known to Plaintiff, but whose true names will be substituted by amendment when such knowledge is ascertained. A reference to "Defendant" includes both the names and fictitious party defendants set forth above.

6. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

7. Venue is proper in this Court as the wrongful conduct of the Defendants giving rise to this action occurred in St. Clair County, Alabama.

## FACTUAL ALLEGATIONS

8. In the early morning hours of May 3, 2022 in St. Clair County, Alabama, Defendant Josue Lassin drove a 2007 Freightliner tractor-trailer truck from the center lane of I-20 West into the left lane of that roadway and in doing so crashed into the 1999 Chevrolet Suburban owned and operated by David Dareil Weatherspoon, Deceased.

9. At all material times, Defendant Josue Lassin was employee and/or agent of Defendant SE Independent Delivery Services, Inc. and was operating the truck-trailer truck within the line and scope of his employment and/or agency relationship with Defendant SE Independent Delivery Services, Inc.

10. As a direct and proximate result of the tortious conduct of the defendants, David

Dareil Weatherspoon sustained fatal injuries. This action is brought pursuant to the Alabama Wrongful Death Act, Ala. Code. § 6-5-410 (1975).

## JOSUE LASSIN
## COUNT ONE: NEGLIGENCE

11. All previous paragraphs are incorporated herein as if set out in full.

12. On or about May 3, 2022, upon interstate highway I-20 West, near milepost 155.0, in St. Clair County, Alabama, Defendant Lassin negligently inspected, maintained and operated a tractor-trailer truck, thereby causing a collision with the vehicle operated by the deceased, David Dareil Weatherspoon.

13. Defendant Josue Lassin owed a duty to the public to inspect and maintain the tractor-trailer truck so that it was safe to operate on public roadways.

14. Defendant Josue Lassin owed a duty to and operate the tractor-trailer truck in a safe and reasonable manner upon the public roadway.

15. Defendant Josue Lassin, while working within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or DOT authority of Defendant SE Independent Delivery Services, Inc., negligently breached such duties and caused the tractor-trailer truck that he was driving to violently strike the vehicle of David Dareil Weatherspoon causing fatal injuries.

16. Defendant Josue Lassin violated state and federal safety statutes and regulations, including but not limited to Ala. Code. § 32-5A-88 and 49 C.F.R. §§ 350-399.

17. As a direct and proximate result of Defendant Lassin's negligent conduct, David Dareil Weatherspoon was killed.

18.     Plaintiff asserts the allegations stated in Count One against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as allowed by law, including the costs of this action.

### JOSUE LASSIN
### COUNT TWO: WANTONNESS

19.     All previous paragraphs are incorporated herein as if set out in full.

20.     On or about May 3, 2022, upon interstate highway I-20 West, near milepost 155.0, in St. Clair County, Alabama, Defendant Lassin wantonly and/or recklessly inspected, maintained and operated a tractor-trailer truck, thereby causing a collision with the vehicle operated by the deceased, David Dareil Weatherspoon.

21.     Defendant Josue Lassin owed a duty to the Plaintiff's decedent and to the public to inspect and maintain the tractor-trailer truck in a safe condition for operation on public roadways.

22.     Defendant Josue Lassin owed a duty to Plaintiff's decedent and to the public to operate the tractor-trailer truck in a safe and reasonable manner upon the public roadway.

23.     Defendant Josue Lassin, while working within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or DOT authority of Defendant SE Independent Delivery Services, Inc., wantonly and/or recklessly breached such duties and caused the tractor-trailer truck that he was driving to violently strike the

vehicle of David Dareil Weatherspoon causing fatal injuries.

24. Defendant Josue Lassin violated state and federal safety statutes and regulations, including but not limited to Ala. Code. § 32-5A-88 and 49 C.F.R. §§ 350-399, through wanton and/or reckless indifference for the safety and rights of others, including David Dareil Weatherspoon.

25. As a direct and proximate result of Defendant Lassin's wanton and/or reckless conduct, David Dareil Weatherspoon was killed.

26. Plaintiff asserts the allegations stated in Count Two against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as allowed by law, including the costs of this action.

### SE INDEPENDENT DELIVERY SERVICES, INC.
### COUNT THREE: NEGLIGENCE PURSUANT TO RESPONDEAT SUPERIOR AND/OR THE LAW OF AGENCY

27. All previous paragraphs are incorporated herein as if set out in full.

28. On or about May 3, 2022, upon interstate highway I-20 West, near milepost 155.0, in St. Clair County, Alabama, Defendant Lassin negligently operated a tractor-trailer truck, thereby causing a collision with the vehicle operated by the deceased, David Dareil Weatherspoon.

29. Defendant Josue Lassin owed a duty to Plaintiff's decedent and to the public to inspect and maintain the tractor-trailer tuck in a safe condition for operation on public roadways.

30. Defendant Josue Lassin owed a duty to Plaintiff's decedent and to the public to operate the tractor-trailer truck in a safe and reasonable manner upon the public roadway.

31. Defendant Josue Lassin, while working within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or DOT authority of Defendant SE Independent Delivery Services, Inc., negligently breached such duties and caused the tractor-trailer truck that he was driving to violently strike the vehicle of David Dareil Weatherspoon causing fatal injuries.

32. Defendant Josue Lassin violated state and federal safety statutes and regulations, including but not limited to Ala. Code. § 32-5A-88 and 49 C.F.R. §§ 350-399.

33. As a direct and proximate result of Defendant Lassin's negligent conduct, David Dareil Weatherspoon was killed.

34. At the time of the wreck described above, Defendant Lassin was working within the line ans scope of his employment for Defendant SE Independent Delivery Services, Inc., and/or was acting as an agent for Defendant SE Independent Delivery Services, Inc.

35. Defendant SE Independent Delivery Services, Inc., is liable for the acts and omission of Josue Lassin vicariously, under the laws of agency and/or the doctrine of *respondeat superior*.

36. Plaintiff asserts the allegations stated in Count Three against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as

allowed by law, including the costs of this action.

## SE INDEPENDENT DELIVERY SERVICES, INC.
## COUNT THREE: NEGLIGENCE PURSUANT TO RESPONDEAT SUPERIOR AND/OR THE LAW OF AGENCY

37. All previous paragraphs are incorporated herein as if set out in full.

38. On or about May 3, 2022, upon interstate highway I-20 West, near milepost 155.0, in St. Clair County, Alabama, Defendant Lassin wantonly and/or recklessly operated a tractor-trailer truck, thereby causing a collision with the vehicle operated by the deceased, David Dareil Weatherspoon.

39. Defendant Josue Lassin owed a duty to Plaintiff's decedent and to the public to inspect and maintain the tractor-trailer truck so that it was safe to operated on public roadways.

40. Defendant Josue Lassin owed a duty to Plaintiff's decedent and to the public to operate the tractor-trailer truck in a safe and reasonable manner upon the public roadway.

41. Defendant Josue Lassin, while working within the line and scope of his employment of agency with and/or while operating under the motor vehicle license or DOT authority of Defendant SE Independent Delivery Services, Inc., wantonly and/or recklessly breached such duty and caused the tractor-trailer truck that he was driving to violently strike the vehicle of David Dareil Weatherspoon causing fatal injuries.

42. Defendant Josue Lassin violated state and federal safety statutes and regulations, including but not limited to Ala. Code. § 32-5A-88 and 49 C.F.R. §§ 350-399, through wanton and/or reckless indifference for the safety and rights of others, including David Dareil Weatherspoon.

43. As a direct and proximate result of Defendant Lassin's wanton and/or reckless

conduct, David Dareil Weatherspoon was killed.

44. At the time of the wreck described above, Defendant Lassin was working within the line ans scope of his employment for Defendant SE Independent Delivery Services, Inc., and/or was acting as an agent for Defendant SE Independent Delivery Services, Inc.

45. Defendant SE Independent Delivery Services, Inc., is liable for the acts and omission of Josue Lassin vicariously, under the laws of agency and/or the doctrine of *respondeat superior*.

46. Plaintiff asserts the allegations stated in Count Four against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as allowed by law, including the costs of this action.

## SE INDEPENDENT DELIVERY SERVICES, INC.
## COUNT FIVE: NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION

47. All previous paragraphs are incorporated herein as if set out in full.

48. Defendant SE Independent Delivery Service, Inc., owed a duty to Plaintiff's decedent and to the public to hire employees/agents who were qualified, fit and trained to inspect, maintain and operate commercial vehicles, to supervise such employees/agents, and to terminate such employees/agents when it became apparent that such employees/agents were not qualified or fit to inspect, maintain, and operate commercial vehicles. Defendant SE Independent Delivery Services, Inc., breached such duties.

49. Defendant SE Independent Delivery Services, Inc., owed a duty to Plaintiff's decedent and to the public to train its commercial drivers on the rules, regulations and practices for the proper inspection and safe maintenance and for the safe operation of tractor-trailer trucks on public roadways and to monitor its commercial drivers for compliance with those safety rules, regulations and practices.  Defendant SE Independent Delivery Services, Inc., breached such duties.

50. As a direct and proximate result of Defendant SE Independent Delivery Services, Inc., negligent and or wanton failure to properly hire, supervise, train, and/or to retain or terminate Defendant Josue Lassin, David Dareil Weatherspoon was proximately caused fatal injuries and death.

51. Plaintiff asserts the allegations stated in Count Five against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as allowed by law, including the costs of this action.

### SE INDEPENDENT DELIVERY SERVICES, INC.
### COUNT SIX: NEGLIGENT ENTRUSTMENT

52. All previous paragraphs are incorporated herein as if set out in full.

53. At all material times, Defendant SE Independent Delivery Services, Inc., owned, leased or otherwise controlled the use and operation of the 2007 Freightliner tractor-trailer truck operated by Josue Lassin at the time of the aforementioned wreck.

54. On or about May 3, 2022, upon interstate highway I-20 West, near milepost 155.0, in St. Clair County, Alabama, Defendant Lassin negligently operated a tractor-trailer truck, thereby causing a collision with the vehicle operated by the deceased, David Dareil Weatherspoon.

55. Defendant SE Independent Delivery Services, Inc., owed a duty to the Plaintiff's decedent and to the public to allow only competent drivers to inspect, maintain and operate its commercial vehicles.

56. Defendant SE Independent Delivery Services, Inc., breached its duty by entrusting the tractor-trailer truck involved to Josue Lassin, who was a careless, heedless and incompetent driver, a fact known or readily ascertainable by Defendant SE Independent Delivery Services, Inc.

57. As a proximate consequence of Defendant SE Independent Delivery Services, Inc.'s negligent entrustment, Josue Lassin was involved in a violent collision that proximately caused the death of David Dareil Weatherspoon.

58. Plaintiff asserts the allegations stated in Count Six against the Fictitiously Designated Defendants "A" through "G" also.

WHEREFORE, the above premises considered, Victoria Weatherspoon as the duly appointed Personal Representative of the Estate of David Dareil Weatherspoon, deceased, seeks punitive damages for the wrongful death of David Dareil Weatherspoon and such other relief as allowed by law, including the costs of this action.

### **COUNT SEVEN: (COMBINED AND CONCURRING CONDUCT)**

59. All previous paragraphs are incorporated herein as if set out in full.

60. The conduct of all Defendants as described more particularly above combined and concurred to cause the death of David Dareil Weatherspoon.

## JURY DEMAND

61. Plaintiff demands trial by jury on all counts.

**BURGS & BURGS, P.C.**

/s/ F. TUCKER BURGS, SR.
F. TUCKER BURGS, SR. (BUR019)

/s/ F. TUCKER BURGS, JR.
F. TUCKER BURGS, JR. (BUR180)
Relaxant Place
2001 Park Place, Suite 1350
Birmingham, AL   35203
(205)251-9000
(205)323-0512 (Facsimile)
Email:  tucker@burge-law.com
            ftbjr@burge-law.com

**THE K. LOWE LAW FIRM LLC**

/s/KAYARDA LOWE
CARTA LOWE (LOW044)
Post Office Box 681
Selma, AL   36702
(334)351-9651
(334)77706111 (Facsimile)
Email:  esq2010@gmail.com

ATTORNEYS FOR PLAINTIFF

<u>Plaintiff's Address</u>:

Victoria Weatherspoon
100 Morrow Drive
Centreville, AL   35042

<u>Defendants' Addresses</u>:

SE Independent Delivery Services, Inc.
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL   36104

Josue Lassin
1887 Duluth Highway, Apartment 531
Lawrenceville, GA   30043